# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| **MURPHY AMOS** | **CIVIL ACTION NO. 6:15-cv-0545** |
|     **LA. DOC # 587823** | |
| **VS.** | **SECTION P** |
| | **JUDGE RICHARD T. HAIK, SR.** |
| **WARDEN TIMOTHY KEITH** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Murphy Amos, an inmate in the custody of the Louisiana Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on March 9, 2015.  Petitioner attacks his conviction for manslaughter and the 40 year sentence imposed by the Fifteenth Judicial District Court, Lafayette Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Statement of the Case*

On August 8, 2011 petitioner entered into a plea agreement and pled guilty to manslaughter. [Doc. 6-1, pp. 10-11; 12-37] On November 3, 2011 he wrote a letter to his attorney expressing his desire to withdraw his guilty plea. [Doc. 1, p. 9] On February 16, 2012 he was sentenced to serve 40 years at hard labor. [Doc. 1, ¶3; Doc. 6-1, pp. 38-45] He did not appeal his conviction or sentence. [Doc. 1, ¶6] He then filed a *pro se* motion for out-of-time appeal on June 5, 2012. [Doc. 1, p. 14; Doc. 6, p. 1; Doc. 6-1, pp. 46-47] His motion was

summarily denied by the trial court on June 6, 2012. [Doc. 6-1, pp. 48-49]

Petitioner filed a *pro se* motion to vacate or set aside conviction and sentence in the Fifteenth Judicial District Court on July 23, 2012; therein he raised claims of breach of contract, ineffective assistance of counsel at sentencing, involuntary plea due to ineffective assistance of counsel and unconstitutional forfeiture of appellate rights. In conjunction with that pleading he also filed a motion seeking production of various documents, including the transcript of his guilty plea. [Doc. 6-1, pp. 50-53; Doc. 6-1, pp. 56-57] His motions were summarily denied on July 24, 2012. [Doc. 6-1, pp. 54-55; p. 58] On August 13, 2012 he filed a notice of his intent to seek writs in the Third Circuit Court of Appeal. [Doc. 1, ¶7; Doc. 6-1, p. 59] He filed his writ application on August 15, 2012. On September 5, 2012 the Third Circuit deemed the pleading deficient and refused to consider it because it failed to comply with Uniform Rules, Courts of Appeal,  Rule 4-5, La. C.Cr.P. art. 912.1, and the Third Circuit's Internal Rule 16 insofar as the application did not contain a certificate of service on the judge and opposing counsel, an affidavit of correctness, a copy of the bill of information or indictment, a transcript of the guilty plea and plea form and the minutes of court or transcript of the sentencing hearing. *State of Louisiana v. Murphy Amos*, No. KH12-00943. [Doc. 6-1, p. 60] Thereafter, on December 10, 2012 petitioner re-applied for writs, this time curing the deficiencies noted above. On July 3, 2013 his writ application was denied on the merits because petitioner "failed to provide sufficient evidence to support his claims of ineffective assistance of counsel..." and because he "failed to show that he meets the 'particularized need' required for the production of requested documents." *State of Louisiana v. Murphy Amos*, No. KH12-01396. [Doc. 6-1, p. 61]

On some as yet unspecified date petitioner sought writs in the Louisiana Supreme Court.

2

On March 14, 2014 the Louisiana Supreme Court granted in part and denied in part the writ application filed by petitioner. The Supreme Court denied relief with regard to petitioner's post-conviction claims, but ordered the District Court to provide a copy of the plea colloquy and "any other documents ... to which he is entitled to as a matter of right..." *State of Louisiana ex rel. Murphy Amos v. State of Louisiana*, 2013-1897 (La. 3/14/2014), 134 So.3d 1185. [Doc. 6-1, pp. 8-9 and 62-63]

Petitioner filed the instant petition on March 9, 2015 raising the following claims for relief: (1) breach of contract; (2) ineffective assistance of counsel at sentencing; (3) involuntary guilty plea based on ineffective assistance of counsel; (4) unconstitutional waiver of appellate rights; and, (5) the denial of post-conviction counsel and a post-conviction evidentiary hearing. [Doc. 1]

### *Law and Analysis*

Title 28 U.S.C. §2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not

_____

[1] Nothing in the record suggests that the limitations period should be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B), (C), or (D).

counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999);  *Fields*

*v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before

the proper filing of an application for post-conviction relief in state court is counted against the

one-year limitation period, as is the time between the termination of post-conviction proceedings

and the filing of the federal petition.  *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999),

citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998).  Federal courts may raise the

one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's

judgment of conviction and sentence "became final by ... the expiration of the time for seeking

[direct] review" [28 U.S.C. §2244(d)(1)(A)], 30 days following February 16, 2012, the date that

petitioner was sentenced[2] or, on or about March 19, 2012.  Petitioner had one year from that date,

or until March 19, 2013 to file his federal *habeas* petition.

Petitioner was able to toll limitations by filing his motion seeking an out-of-time appeal

on June 5, 2012 [Doc. 6-1, pp. 46-47], however, by the time he filed that pleading a total of 77

days of the 1 year limitation period had already elapsed, and, as noted above, any lapse of time

before the proper filing of an application for post-conviction relief in state court is counted

against the one-year limitation period.  *Villegas,* 184 F.3d 467. Further, that pleading remained

pending for only 1 day and tolling ceased following the trial court's dismissal of the motion on

June 6, 2012. [Doc. 6-1, pp. 48-49] Thereafter, another 46 days elapsed un-tolled before

petitioner filed his motion to vacate on July 23, 2012. [Doc. 6-1, pp. 50-53] For the sake of this

---

[2] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than thirty days after the rendition of the judgment or ruling from which the appeal is taken."

Report, it will be assumed that petitioner's post-conviction motion remained properly filed and

pending so as to toll limitations until March 14, 2014, the date the Supreme Court denied

petitioner's writ application in so far as it alleged an unconstitutional conviction and sentence.

*See State of Louisiana ex rel. Murphy Amos v. State of Louisiana*, 2013-1897 (La. 3/14/2014),

134 So.3d 1185. [Doc. 6-1, pp. 8-9 and 62-63] Thereafter, however, a period of 360 days elapsed

un-tolled before petitioner filed his petition for *habeas corpus* in this Court on March 9, 2015.  In

other words, since a period well in excess of 1-year elapsed un-tolled between the date

petitioner's judgment of conviction and sentence became final and the date he filed the instant

petition, the petition is time-barred by the provisions of 28 U.S.C. §2244(d).

### *Equitable Tolling*

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare

and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526

U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710,

713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine

whether it presents sufficiently  rare and exceptional circumstances' to justify equitable tolling"

(quoting *Davis*, 158 F.3d at 811)).  As noted by the Supreme Court, "To be entitled to equitable

tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v.

Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v.

DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy

or any other reason), ignorance of the law, nor even lack of representation during the applicable

filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana, September 28, 2015.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE